UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADEKUNLE J.**, | Civil Action No. 20-1671 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **WILLIAM ANDERSON**, | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the *pro se* petition for a writ of habeas corpus of Petitioner, Adekunle J., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). As Petitioner has paid the applicable filing fee, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 habeas petitions pursuant to Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, Petitioner's habeas petition is dismissed without prejudice.

**I. BACKGROUND**

Petitioner is a native and citizen of Nigeria who entered the United States in June 2015 on a non-immigrant visa to attend a conference in Cambridge, Massachusetts. (Document 1 attached to ECF No. 1 at 13). Although Petitioner had only received authorization to remain in the country until the conclusion of that conference, he overstayed his visa and remained in the United States after his authorization to remain had expired. (*Id.*). On or about April 17, 2019, Petitioner was

therefore taken into immigration custody pursuant to 8 U.S.C. § 1226(a) and was placed into removal proceedings. (*Id.*).

While those proceedings were pending, Petitioner received a bond hearing before an immigration judge on July 9, 2019. (*Id.* at 17). At the conclusion of that hearing, the immigration judge granted Petitioner bond in the amount of $ 25,000. (*Id.*). Petitioner could not afford to pay this bond amount, and therefore has remained in custody since that time. (ECF No. 1 at 8).

On September 3, 2019, Petitioner was ordered removed by an immigration judge. (Document 1 attached to ECF No. 1 at 12). Petitioner appealed, but the Board of Immigration Appeals dismissed his appeal on January 14, 2020. (*Id.*). On or about January 22, 2020, Petitioner thereafter filed a petition for review with the Third Circuit, accompanied by a motion seeking a stay of removal. (*Id.* at 2-7). On January 29, 2020, the Third Circuit temporarily granted that stay motion pursuant to a standing order of the court until such time as a panel of the Court of Appeals could issue an ultimate decision on the stay issue. (*Id.* at 1).

On or about February 14, 2020, Petitioner filed his current habeas petition. (ECF No. 1). In his petition, Petitioner raises a single claim – that he should be released on a reasonable bond of $1500 as he cannot afford his current bond amount, is not a danger to the community, and is not a flight risk. (*Id.* at 8). Petitioner contends he is entitled to this relief as he has been detained for ten months and will continue to be detained for a considerable time while his petition for review and stay motion remain pending before the Court of Appeals. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### B. Analysis

In his habeas petition, Petitioner contends that he is entitled to a lower bond amount because his continued detention subject to a bond amount he cannot afford for ten months violates his right to Due Process. In order to evaluate this claim, the Court must first determine the statutory basis for Petitioner's current detention. Although Petitioner is subject to an administratively final

order of removal insomuch as the BIA has dismissed his appeal, because he was granted a temporary stay of removal by the Court of Appeals, he remains in pre-final order detention at this time, and thus is still detained pursuant to 8 U.S.C. § 1226(a). *See, e.g., Leslie v. Att'y Gen.*, 578 F.3d 265, 268-72 (3d Cir. 2012).

In his sole claim before the Court, Petitioner contends that the bond amount he was given by the immigration judge at his bond hearing is beyond his means to pay, and that he should therefore be entitled to a lower bond amount of $1500. Pursuant to 8 U.S.C. § 1226(e), however, "[n]o court may set aside any action or decision by [immigration officials] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." This Court therefore lacks jurisdiction to reconsider or otherwise alter the bond amount set by the immigration judge at Petitioner's bond hearing. *Id.*; *Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. January 5, 2016). In any event, because Petitioner has already received a bond hearing which resulted in his current $25,000 bond amount, and because Petitioner has not alleged any constitutional infirmity in his bond hearing, Petitioner cannot show that he is entitled to a second bond hearing. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279-80 (3d Cir. 2018) (§ 1226(a) detainees not entitled to a second bond hearing absent some constitutional defect in the original bond hearing). Petitioner's habeas petition must therefore be dismissed. To the extent Petitioner believes that his circumstances now warrant a reduction of his bond amount, Petitioner should file a motion seeking a redetermination of bond before the immigration judge assigned to his case. *See, e.g., Contant v. Holder*, 352 F. App'x 692, 695 (3d Cir. 2009); 8 C.F.R. § 236.1(d)(1).

4

## III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition is dismissed without prejudice. An appropriate order follows.

Dated: February 20, 2020

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge